# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2013

No. 12-50698
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO ADONAY MENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1730-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricardo Adonay Mendez (Mendez) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Mendez argues that his sentence was substantively unreasonable. He maintains that his within-guidelines range sentence should not be considered presumptively reasonable because U.S.S.G. § 2L1.2 is not empirically based, but he acknowledges that this argument is foreclosed. He asserts that the guidelines sentence range was excessive because § 2L1.2 double

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counted his prior convictions and because his offense was a mere trespass. He contends that the sentence failed to account for his personal history and characteristics because it did not reflect sufficient consideration for his father abandoning him, his mother abusing him, and his growing up on the streets.

In the district court, Mendez did not object to the substantive reasonableness of the sentence. Mendez argues that such an objection is not required to preserve the substantive reasonableness of a sentence for review, but he acknowledges that this argument is foreclosed by circuit precedent and raises the issue to preserve it for further review. Accordingly, we review the substantive reasonableness of the sentence for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under the plain error standard, Mendez must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Mendez makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As Mendez concedes, his argument that his within-guidelines range sentence should not be considered presumptively reasonable because § 2L1.2 is not empirically based is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court had before it both mitigating and aggravating factors. The district court balanced these factors, and it determined that a sentence near the bottom of the guidelines range was appropriate. We conclude there is no reason to disturb the presumption of reasonableness in this case. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Considering the totality

of the circumstances, as we must, *see Gall*, 552 U.S. at 51, Mendez has not shown that the sentence was plainly erroneous. *See Rita v. United States*, 551 U.S. 338, 359-60 (2007); *Peltier*, 505 F.3d at 392-94.

    AFFIRMED.